NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| MERLA LAWRENCE, | : | Civil Action No. 11-3569 (ES) |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| EMIGRANT MORTGAGE COMPANY, | : | |
| PRIME TIME MORTGAGE CORP., | : | |
| RETAINED REALTY, INC., DARNELL | : | |
| DAVIS, and KENNETH P. SAMSON | : | |
| | : | |
| Defendants. | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Merla Lawrence's motion for reconsideration, (D.E. 28), and motion to amend the Complaint. (D.E. 29). This Court has jurisdiction under 28 U.S.C. § 1331. The Court has considered the papers submitted in support of and in opposition to the instant motions, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED. Plaintiff's motion to amend is also DENIED as moot.

**I.     Factual and Procedural History**

In its March 30, 2012 Opinion the Court laid out the facts and procedural history giving rise to this matter. (*See* Opinion ("March 30 Opinion"), D.E. 25 at 3-5). In that opinion, the Court dismissed, without prejudice, most of the counts contained in Plaintiff's Complaint. (*See id.* at 32 nn.22-23). Following that opinion, the Court notified Plaintiff that she "may file an Amended Complaint within 15 days of receipt of this letter order, pursuant to this Court's Order

and Opinion dated March 30, 2012." (*See* Letter Order dated April 20, D.E. 27). On May 7, 2012, Plaintiff filed a motion for reconsideration of the Court's March 30, 2012, decision, and on May 8, 2012, she filed a motion to amend her complaint.

## II.     Plaintiff's Motion for Reconsideration

Plaintiff argues that (1) "Rooker-Feldman cannot be applied to this case because the State case was still pending in the Appellate Division," when she filed her Complaint in this Court, (Pl. Mov. Br., D.E. 28, at 1); (2) equitable tolling applies to this case because Plaintiff's failure to file within the statutory period "unavoidably arose from circumstances beyond" her control, (*id.*); (3) banking law provides a three-year window to rescind if one determines that TILA or RESPA have been violated, (*id.* at 3); (4) equitable tolling did not begin until she received the documents in 2010, (*id.* at 4); (5) "extraordinary circumstances" apply because RESPA forms were out of compliance and/or forged, (*id.*); (6) the Court and Judge Levy erred in their application of the entire controversy doctrine and decision not to equitably toll the statutes of limitation, (*id.*); and (7) this Court must compel Emigrant Mortgage Company ("Emigrant") to establish standing to foreclose on the property. (*Id.* at 9). The Court addresses each of these arguments, finds each to be without merit, and therefore denies Plaintiff's Motion for Reconsideration.

## III.    Motion for Reconsideration: Local Civil Rule 7.1(i)

### A.  Legal Standard

A party seeking reconsideration must do so "within 14 days after the entry of the order or judgment on the original motion [issued] by the Judge." L. Civ. R. 7.1(i). In doing so, the party must submit "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . overlooked[.]" *Id.* "The standard of review involved in a motion for [reconsideration] is quite high, and therefore [reconsideration] is granted very sparingly." *United*

*States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).  The party seeking to persuade the court that reconsideration is appropriate bears the burden in demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted).  Thus, "[t]he [c]ourt will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter." *Dubler v. Hangsterfer's Labs.*, No. 09-5144, 2012 U.S. Dist. LEXIS 53847, at *4 (D.N.J. Apr. 17, 2012) (citing *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999)).

Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered.  *See G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  To that end, "a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Dubler*, 2012 U.S. Dist. LEXIS 53847, at *5 (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

### B. Discussion

None of Plaintiff's arguments are appropriate for a motion for reconsideration because they do not truly concern "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677. Nevertheless, because Plaintiff is acting *pro se*, the Court briefly addresses the merits of each of

Plaintiff's arguments.

First, Plaintiff is incorrect when she argues that "Rooker-Feldman cannot be applied to this case because the State case was still pending in the Appellate Division" when she filed her Complaint in this Court. (Pl. Mov. Br. at 1). This Court ruled in its March 30 Opinion that it could not address the dismissed Counts because granting Plaintiff the relief sought in each Count would require this Court to reverse the decision of the Chancery Court. (*See* Opinion at 9-15); *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (explaining that the doctrine is implicated when "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual."). Plaintiff's decision to appeal the Chancery Court's ruling does not change the fact that she, in effect, asks this Court to review the Chancery's Court's decision. *Rooker-Feldman* encompasses the final decisions of lower and higher state courts. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997) ("If a litigant resorts to a state court and suffers an adverse judgment[,] . . . [t]he litigant's only remedy is by way of appeal through the state court system and by way of petition to the Supreme Court of the United States thereafter.") (citations omitted). Therefore, this Court is rightfully barred from essentially reconsidering the Chancery Court's decision. *See Port Auth. Police Benevolent Assoc. v. Port Auth. of NY and NJ*, 973 F.2d 169 (3d Cir. 1992) (affirming the dismissal of a federal action because the plaintiff raised the same argument unsuccessfully in a New York state trial court); *see, e.g., Pittsburgh Press Co. v. Preate*, 797 F. Supp. 436, 440 (W.D. Pa. 1992) ("It would be particularly inappropriate for a federal court, in [this court's] judgment, to render a decision on a question that goes to the heart of a ruling by a state court trial judge and is now pending before a state appellate court."). Accordingly, the Court rejects Plaintiff's *Rooker-Feldman* argument.

Second, Plaintiff's argument that the Court should toll the statute of limitations to May 2010 because her failure to file within the statutory period "unavoidably arose from circumstances beyond" her control, lacks merit. Plaintiff contends that she "[(1)]attempted to obtain copies of the documents from her mortgage application and closing for three years and (2) these documents were not obtained until more than three years after the initial request in 2007 and more than five years after the closing." (Pl. Opp. Br. at 2). Plaintiff previously raised these exact arguments and the Court dealt with them in its March 30 opinion. (*See* Opinion at 19-21). Plaintiff does not introduce either new facts or new law that would alter the Court's decision on equitable tolling. Accordingly, the Court will not disturb its previous ruling.

Third, Plaintiff offers no support for her contention that "banking law" provides a three-year window to rescind if one determines that TILA or RESPA have been violated. (Pl. Opp. Br. at 3). The Court notes that in its March 30 Opinion it used a one-year statute of limitation in dismissing the §§ 1631, 1632, 1635, and 1639 TILA claims, as required by § 1640(e). (*See* Opinion at 19-23). Further, as to the RESPA claims, the Court applied the relevant one- or three-year statutes of limitation in dismissing Plaintiff's causes of action brought under 12 U.S.C. §§ 2605, 2607, or 2608, as § 2614 requires. (*See* Opinion at 23-24). Judge Levy also used the appropriate one-year statute of limitations in his March 15, 2011 opinion. (Opinion of the Honorable Kenneth Levy, P.J. Ch., March 15, 2011, at 8-9). Plaintiff does not offer statutory or case law that prescribes different statutes of limitations than the one this Court utilized in rendering its decision. Consequently, the Court rejects Plaintiff's statute of limitations argument.

Plaintiff's fourth contention is that "extraordinary circumstances" apply because RESPA forms were out of compliance and/or forged. This argument is unavailing because Plaintiff fails to explain why defects in the forms themselves would interfere with Plaintiff's ability to file suit

5

in Court to compel presentation of those forms. Therefore, the Court rejects this argument.

Plaintiff's fifth argument challenges this Court's application of the entire controversy doctrine.[1] In its March 30 Opinion, the Court dismissed Count One of Plaintiff's Complaint asserted against Emigrant. (*See* Opinion at 25-29). To support her entire controversy argument here, Plaintiff cites to *Oltremare v. ESR Custom Rugs, Inc.*, 749 A.2d 862 (N.J. Super. Ct. App. Div. 2000) and *Karpovich v. Barbarula*, 696 A.2d 659 (N.J. 1997). Plaintiff does not explain how these cases support her contention, but the Court's own review of the cases confirms that they are inapplicable to the facts of this case.

In *Oltremare*, the state appellate court held that the entire controversy doctrine did not bar a second suit brought against a rug manufacturer by a purchaser. The court explained that although the defendant manufactured both rugs, the first suit pertained to a rug that shed while the second suit pertained to a rug that had faded, the two rugs were manufactured at different times, and there was no undue prejudice flowing to the manufacturer with respect to its ability to defend the second action as a result of non-joinder in the first action. *Oltremare* is distinguishable on its facts for the simple reason that the facts before this Court are the *same* as those before the Chancery Court.

*Karpovich* is likewise distinguishable. In that case, the Supreme Court of New Jersey held that a settlement of an underlying action did not sufficiently involve the use of judicial resources to invoke the entire controversy doctrine to bar a subsequent legal malpractice action. The New Jersey Supreme Court explained that, although the malpractice action arose from the same set of facts, the underlying action did not afford the plaintiff in *Karpovich* an adequate opportunity to litigate the malpractice claims. Indeed, the underlying action was pending for 7

---

[1] Plaintiff also generally reargues that this Court and Judge Levy erred in their decision not to equitably toll the statute of limitations. (Pl. Mov. Br. at 5). The Court has already addressed Plaintiff's equitable tolling argument above and need not reexamine this issue here.

days and was resolved by a consent judgment. Here, as more fully reviewed in the Court's March 30 Opinion, Plaintiff's Chancery Court proceedings transpired over two years, and involved several motions and multiple hearings. For these reasons, the Court rejects Plaintiff's argument as it relates to the entire controversy doctrine.

Finally, the Court is barred from considering Plaintiff's demand that Emigrant be compelled to establish standing to foreclose on the property. (Pl. Mov. Br. at 9). Plaintiff's invocation of the standing issue gives rise to the same concerns that motivated this Court's application of the *Rooker-Feldman* doctrine in its previous opinion. *Rooker-Feldman* is implicated when "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS*, 75 F.3d at 840. Put another way, "a federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005)).

Here, although Plaintiff does not expressly do so in her motion for reconsideration, she clearly states in her Motion to Amend that she seeks reversal or dismissal of the foreclosure action if Emigrant cannot prove standing. (*See* D.E. 29 at 8). Notably, Plaintiff argued before the Chancery Court that Emigrant could not establish standing because it failed to produce the original note. Judge Levy rejected that argument. (*See* Judge Levy Op. at 2 (acknowledging the argument); Plaintiff's Certification in Support of Notice of Motion to Set Aside Sheriff Sale, D.E. 10-1, Ex. B, June 29, 2009; Motion to Vacate Final Judgment of Foreclosure and Sheriff's

Sale, D.E. 10-1, Ex. C, April 29, 2010; Order Denying Motion to Set Aside Sheriff's Sale and For New Trial, D.E. 8-3, Ex. D, August 20, 2009).  As a result, granting Plaintiff the relief she seeks would require this Court not only to act as an appellate court in reviewing Judge Levy's decision, but also to render Judge Levy's judgment ineffective.  *Rooker-Feldman* bars this Court from doing either.

### C. Plaintiff's Motion to Amend

Plaintiff has also filed a motion to amend her Complaint.  (*See* D.E. 29).  Plaintiff's motion to amend, however, is unnecessary because the Court already granted Plaintiff leave to amend her Complaint following its March 30 Opinion.  (*See* Letter Order, D.E. 27, April 20, 2012).  Nevertheless, the Court will provide Plaintiff an additional, but final, opportunity to file an Amended Complaint.  And as stated in this Court's prior Letter Order, "Plaintiff should note that if she does not file an Amended Complaint, the Counts dismissed in this Court's March 30 Order will be deemed dismissed with prejudice."  (*Id.*).

### D. Conclusion

Based on the foregoing, Plaintiff's motion for reconsideration is DENIED and her motion to amend is DENIED.[2]

s/*Esther Salas*<br>**Esther Salas, U.S.D.J.**

---

[2] Plaintiff also filed a Motion to Allow Plaintiff's Reply to Defendant's Objection to Motion for Reconsideration. (D.E. 38).  That motion will be terminated as moot.