UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MERLA LAWRENCE,

          Pro Se Plaintiff,

v.

EMIGRANT MORTGAGE COMPANY, PRIME TIME MORTGAGE CORP., RETAINED REALTY, INC., DARNELL DAVIS, and KENNETH P. SAMSON

          Defendants.

Civ. No. 11-3569 (KM)

**O P I N I O N**

      The Amended Complaint in this motion to revise the opinion advanced two causes: one for predatory steering and lending in violation of federal statute and one for unjust enrichment. The opinion and order of this Court filed August 7, 2014 ("the Opinion") addressed the following motions: i) a joined motion to dismiss by Defendants Emigrant Mortgage Company and Retained Realty, Inc., ii) a motion to dismiss by Defendant mortgage broker Prime Time Mortgage Corp., and iii) a motion to dismiss by Kenneth P. Samson, Esq., the attorney for Emigrant at the time of the creation of the mortgage instrument at issue in this case. The Opinion and Order granted the motions, ruling against Plaintiff Merla Lawrence, and dismissing the Amended Complaint with prejudice pursuant to the Rooker-Feldman doctrine made applicable to this case by virtue of state court rulings against Plaintiff.

      In its Opinion, the Court noted that the transactions in this case took place in the context of widespread predatory lending when thousands of homeowners lost their homes. According to Plaintiff's allegations, that the Court had to accept as true, she was a person of modest means, who originally only sought a $13,000 increase on her $135,000 mortgage loan in order to pay her mother's funeral expenses. She found herself saddled with a $250,000 mortgage with unexpectedly large carrying charges she could not afford. Emigrant provided the loan to

Plaintiff and when she defaulted on her mortgage, Emigrant pursued a foreclosure action which resulted in a successful bid on her home at a sheriff's sale. Emigrant assigned its successful bid to a related company, Retained Realty.

In an August 13, 2014 letter to the Court, Emigrant sought modification of the Opinion in certain respects. Because the letter notes at least one statement in the Opinion that is in error, the Court will treat it as a Motion to Revise the Opinion.

At page 15 of the Opinion, it is stated that "Mr. Davis, Emigrant's employee, convinced her to take out a $250,000 loan instead of the original $13,000 which she sought." Mr. Davis was not Emigrant's employee. Instead, as pointed out at page 3 and 5 of the Opinion, Mr. Davis was a mortgage broker at PTM. Therefore the Opinion will be modified to eliminate the last three sentences of the paragraph ending at the top of page 15 of the Opinion.

However, Plaintiff's allegations described at page 3 of the Opinion indicate that Mr. Davis was following Emigrant's directions when he persuaded Plaintiff to increase the mortgage loan to $250,000.[1]

Although in the Opinion the Court was under the impression that Plaintiff did not appeal Judge Levy's decision to the Superior Court Appellate Division, Emigrant points out that Plaintiff did in fact appeal that decision and that the appeal was denied. It appears that subsequent to the filing of Emigrant's second motion to dismiss on January 4, 2013, which was one of the three moving briefs that the Court considered in its Opinion, the Appellate Division issued a decision on September 3, 2013 that affirmed the Chancery Division's decision. The Court was not notified of this subsequent history and therefore it was not noted in the Opinion. The Opinion will be modified to state at page 15 that Judge Levy's order was affirmed on appeal.

---

[1]  At page 3 of the Opinion it states, "After a visit to his home, Mr. Davis advised that the bank would not approve a loan on her house unless she renovated it. Mr. Davis explained that the bank would provide a $250,000 loan that would cover the $13,000 she initially sought to borrow for the funeral expenses, plus her existing mortgage, all of her credit card bills, the renovations, and some savings. Mr. Davis explained that the $250,000 loan would only cost $2,000 per month."

The Rooker-Feldman effect is the same whether Plaintiff is barred by her failure to appeal or by an adverse judgment on appeal.

Emigrant objects to the reference in the Opinion to the New York Times article that describes Emigrant as a source of an extraordinary number of toxic loans that resulted in foreclosure. This reflects the climate in which this case unfolded. Emigrant asserts, correctly no doubt, that "No court in any jurisdiction, state or federal, nor any regulator has ever found Emigrant to have engaged in predatory lending nor any other mortgage abuse." Toxic loans that result in foreclosure are not, without more, evidence of predatory lending or any other mortgage abuse. Determining whether the toxic loans are the product of predatory lending or other mortgage abuse requires a searching inquiry which persons in Plaintiff's position do not have the resources to undertake.

For the reasons set forth above the Court will modify the Opinion to delete the last three sentences of the paragraph that begins on page 14 and ends on page 15 of the Opinion and to delete from the second sentence of the first complete paragraph on page 15 the words "from which there is no appeal on the record" and substitute the words "which was affirmed on appeal."

The Court will enter its own order.

       /s/ Dickinson R. Debevoise
      **DICKINSON R. DEBEVOISE, U.S.S.D.J.**

September 4, 2014